# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS, JR., <br><br> Petitioner, <br><br> v. <br><br> RONALD DAVIS, Warden, <br><br> Respondent. | NO. CV 19-5942 AB (AS) <br><br> **ORDER ACCEPTING FINDINGS,** <br> **CONCLUSIONS AND RECOMMENDATIONS OF** <br> **UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein, the attached Report and Recommendation of a United States Magistrate Judge ("R&R"), and Petitioner's Objections to the R&R. After having made a *de novo* determination of the portions of the R&R to which objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. In so doing, the Court briefly addresses certain arguments raised in Petitioner's Objections.

Petitioner identifies several purported errors in the R&R. For instance, while discussing jury instructions, Petitioner asserts that

"an instruction on second degree murder was not given." (Objections at 30). He then argues:

> The Magistrate Judge states that the trial court instructed the jury on second degree murder. Report at 72, n. 24. However, that is incorrect. The Magistrate Judge cites a portion of the Reporter's Transcript, 4RT 803-04, which reports a chambers conference with both counsel regarding the penalty phase instruction regarding the governor's power to grant a reprieve or pardon. Since that portion of the transcript is clearly after the guilt verdict, it cannot relate to a guilt phase instruction.

(Objections at 30). Petitioner's objection is specious. The R&R correctly cites the portion of the trial transcript in which the trial court instructed the jury with CALJIC 8.30 (unpremeditated murder of the second degree). (See R&R at 72 n.24; CT 119; RT 803-04).[1] In any event, it is hard to see where this objection gets Petitioner. Even if the R&R had cited the wrong page, it would not change the underlying fact that – as the record clearly demonstrates – the jury was instructed on second degree murder. Habeas counsel is presumably familiar with the record, and he has a duty of candor to the Court. Yet, despite this duty and Fed. R. Civ. P. 11, habeas counsel chose to mischaracterize the record and make a frivolous objection. See Hyp3r Inc. v. Moqimo Inc., 2017 WL 11515712, *3 n.2 (N.D. Cal. 2017) ("[K]nowingly making a frivolous

---

[1] The Objections do not mention that the R&R footnote in question also cited the correct page of the Clerk's Transcript setting forth CALJIC 8.30.

2

argument runs afoul of Federal Rule of Civil Procedure 11 and [counsel's] duty of candor to the Court.").

Nor is this an isolated instance. Habeas counsel also accuses the R&R of "misquot[ing] the transcript" during the discussion of defense counsel's closing argument, asserting the R&R "states that [defense counsel] said . . . 'I think there is something else involved.' [R&R] at 97:18-19. Critically, the actual transcript says, 'I think there is somebody else involved.' 4 RT 750." (Objections at 47). But once again, habeas counsel's accusations are inaccurate. First, the page habeas counsel cites is part of the prosecutor's closing argument and does not contain the quote habeas counsel discusses. (See RT 750). Second, and more importantly, the R&R correctly quotes defense counsel's closing argument. (See R&R at 97). Defense counsel said "I think there is something else involved" not "I think there is somebody else involved." (RT 777). Third, it is unclear what habeas counsel hopes to gain by misquoting the record since the R&R also accurately quoted the very next line of defense counsel's closing argument, which said "Do you think there is somebody else that could have been involved with Mr. Lewis?" (RT 777; see R&R at 97). Whether defense counsel referenced "somebody" once or twice does not alter the basis of Petitioner's ineffective assistance of counsel claim. However, "[l]egal arguments depend on facts and so lawyers have a responsibility to recite the record fairly and accurately." Frunz v. City of Tacoma, 476 F.3d 661, 665 (9th Cir. 2007). Habeas counsel's blatant mischaracterizations of the record do not enhance the credibility of Petitioner's Objections. Cf. Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994) ("Lawyers are not called 'counsel' for nothing. The judge is counseled by the lawyers as

to how he should proceed. The attentiveness with which the judge listens to the lawyers' advice is tempered by his judgment about the credibility of the particular lawyer.").

Nor is this all. In discussing Ground Five – Petitioner's claim that defense counsel provided ineffective assistance in failing to determine whether a mental defense was available – the R&R provided a brief background on the admissibility of certain mental health evidence, accurately stating:

> At the time of Petitioner's trial – and currently – California law precluded use of "[e]vidence of mental disease, mental defect, or mental disorder" to negate the capacity to form any mental state; rather, such evidence is admissible solely on the issue of "whether or not the accused actually formed a required specific intent, premeditated, deliberated, or harbored malice aforethought, when a specific intent crime is charged."

(R&R at 88 (quoting P.C. § 28(a) (1983)). However, in his Objections, habeas counsel asserts:

> [W]e respectfully point out that the Report misstates the law regarding the admissibility of expert testimony on mental states. "While it is true that California Penal Code ["P.C."] [§] 28 prohibited expert testimony on the ultimate issue of whether a person had the capacity to form a particular intent or mental state, it did not preclude evidence as to the

4

>     defendant's mental state at the time of the events. . . .
>     [T]hen as now, the ultimate question of capacity to form
>     intent or mental state was reserved to the jury but evidence
>     of a defendant's mental condition was admissible through
>     expert and lay testimony. [¶] Having addressed that
>     fundamental misconception, the rest is evident.

(Objections at 41). Once again, habeas counsel has fundamentally misconstrued the record. As is clear from the language set forth above, the R&R never stated that <u>all</u> expert testimony on mental states was inadmissible, it simply quoted P.C. § 28(a) regarding the limits of certain mental health evidence.[2] In essence, habeas counsel has set up a "straw man" argument to deflect from the issues raised in the R&R.[3]

---

[2] Moreover, in addition to quoting P.C. § 28(a), the R&R also cited <u>Ben-Sholom v. Ayers</u>, 674 F.3d 1095, 1100 (9th Cir. 2012), which states:

> Under California law, evidence of "mental disease, mental defect, or mental disorder" cannot be used to show or negate capacity to form intent but rather only to show "whether or not the accused actually formed a required specific intent. . . ." Under this benchmark, the trier of fact makes the determination, and experts may not offer opinions on the ultimate issue."

<u>Id.</u> at 1100 (citing P.C. §§ 28(a), 29). Habeas counsel fails to discuss this citation.

[3] To support his "straw man" argument, habeas counsel cites <u>People v. Pearson</u>, 56 Cal. 4th 393 (2013), which stated, among other things, the undisputed proposition that P.C. §§ 28 and 29 "'leave an expert considerable latitude to express an opinion on the defendant's mental condition at the time of offense, within the confines, of course, of its twin prohibitions: no testimony on the defendant's capacity to have, or actually having, the intent required to commit the charged crime.'" <u>Id.</u> at 451. Although not cited by habeas counsel, <u>Pearson</u> also commented that P.C. § 28(a) "precludes evidence showing diminished capacity, although it permits evidence of mental disease to be admitted 'solely on

In particular, the R&R recommends rejecting Ground Five because it is vague and conclusory, "defense counsel consulted with two mental health experts and, based on their opinions, declined to pursue a mental health defense[,]" and Petitioner cannot demonstrate prejudice. (R&R at 88-94). Petitioner's Objections provide no basis for rejecting these conclusions.

Finally, the Objections argue the R&R erred in discussing Ground Six, which asserted defense counsel was ineffective in failing to fully prepare an alibi defense. In particular, as part of Ground Six, Petitioner claimed that defense counsel was ineffective in failing to "'call Petitioner's wife for the simple purpose of verifying Petitioner's prior use of the vehicle.'" (R&R at 95 (citing Petition at 44-47)). However, citing multiple cases such as United States v. Berry, 814 F.2d 1406 (9th Cir. 1987), the R&R recommended rejecting this contention, stating "Petitioner has not provided the declaration of his wife or any other competent evidence indicating she was available and willing to testify on Petitioner's behalf and providing the substance of such testimony. Accordingly, Petitioner's claim is without merit." Id. at 96 (footnote omitted). However, Petitioner contends the R&R's analysis is erroneous under Alcala v. Woodford, 334 F.3d 862 (9th Cir. 2003).

---

the issue of whether or not the accused actually formed a required specific intent, premeditated, deliberated, or harbored malice aforethought, when a specific intent crime is charged.'" Id. at 450 (quoting P.C. § 28(a)). In other words, the case habeas counsel relies upon to argue the R&R misconstrues the law supports the R&R's completely accurate recitation of California law as set forth in P.C. § 28(a).

6

In Alcala, the Ninth Circuit distinguished Berry and related cases in a situation in which Alcala's trial counsel failed to call a Knotts Berry Farm employee as an alibi witness after the employee had been interviewed by the police, provided a tape-recorded interview to a defense investigator, and been subpoenaed for trial. Alcala, 334 F.3d at 870-72. In so doing, the Ninth Circuit explained that "[t]he fact that [the witness] was under subpoena to testify is sufficient to establish, by a preponderance of the evidence, that she could have been called to testify, and the [police and recorded] interviews submitted at the evidentiary hearing were sufficient to establish what her testimony would have been." Id. at 872. Here, however, Petitioner has not shown his wife – who he has not even identified by name – was subpoenaed for trial or could have been called to testify. Moreover, Petitioner has not presented any evidence comparable to the police report and recorded interview establishing the substance of Petitioner's wife's testimony. Instead, the only evidentiary support Petitioner presents is the declaration of defense counsel's investigator, Kristina Kleinbauer, who stated "I also spoke with [Petitioner's] father and wife who confirmed that he had used the car before the prosecution said he stole it and killed the owner." (Kleinbauer Decl., ¶ 9). This single vague hearsay statement is not akin to the police interview and tape-recorded statement given in Alcala. Accordingly, Alcala is distinguishable and the R&R appropriately cited Berry and related cases. Anyway, even if this was not the case, Petitioner has not, and cannot, show prejudice.

Petitioner's remaining objections are without merit for the reasons set forth in the R&R.

**IT IS ORDERED** that Judgment be entered denying the Petition with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on counsel for Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 25, 2020.

ANDRÉ BIROTTE, JR.
UNITED STATES DISTRICT JUDGE